Filed 1/20/15  P. v. Durouso CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRE MARTIN DUROUSO,<br><br>    Defendant and Appellant. | B256699<br><br>(Los Angeles County<br>Super. Ct. No. NA092686) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Andre Martin Durouso, a convicted sex offender,[1] was charged by criminal complaint with failing to register under Penal Code section 290, subdivision (b). The complaint specially alleged Durouso had suffered three prior felony convictions within the meaning of the three strikes law (*id.*, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served three separate prison terms for felonies (*id.*, § 667.5, subd. (b)). Durouso pleaded not guilty and denied the special allegations.

On the date set for the preliminary hearing, Durouso entered a plea to the court of no contest for failing to register under Penal Code section 290, subdivision (b), and admitted all of the prior conviction allegations. At the time he entered his plea, Durouso was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Durouso's counsel joined in the waivers of Durouso's constitutional rights. The trial court expressly found Durouso's waivers, plea and admissions were voluntary, knowing and intelligent.

The trial court granted Durouso's motion to dismiss the prior strike convictions (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), sentenced him to a three-year state prison term, stayed execution of sentence and placed Durouso on three years of formal probation, which included the condition that he obey all laws.

Following Durouso's subsequent arrest for assaulting his wife, Lela Dozier, the trial court summarily revoked his probation and scheduled a probation revocation hearing. At the hearing, Dozier testified she was asleep in bed when Durouso came into their bedroom. Durouso cursed Dozier for having reported him to the police the day before after finding him holding a pillow while standing over their sleeping baby. Durouso then picked up a pillow and pushed it down over Dozier's face. As Dozier struggled to breathe, Durouso pushed the pillow down harder. Durouso eventually fled from the house, and Dozier telephoned the police.

---

[1] Durouso was convicted of committing lewd acts with a child under the age of 14 years in 1987 in violation of Penal Code section 288, subdivision (a).

Durouso did not testify or present other evidence in his defense at the probation revocation hearing. At the conclusion of the hearing, the trial court found Durouso had violated the probation condition to obey all laws by assaulting Dozier. The court terminated probation and ordered execution of the previously stayed three-year state prison sentence, imposed statutory fines and fees, and awarded Durouso 129 days of presentence custody credit.

Durouso timely appealed from the judgment, and we appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On November 10, 2014, we advised Durouso he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied Durouso's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

FEUER, J.[*]

We concur:

PERLUSS, P. J.                    ZELON, J.

_____

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3